IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| COLUMBIA NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No:_____ ) |
| JR LIVINGSTON CONSTRUCTION, LLC and JEFF LIVINGSTON, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Columbia National Insurance Company ("Columbia"), by and through counsel, brings this action under the Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and states as follows:

### The Parties

1. Columbia is a corporation organized and existing under the laws of the state of Nebraska with its principal place of business in Columbia, Missouri.

2. Defendant, J.R. Livingston Construction, LLC ("Livingston Construction") was a limited liability company organized under the laws of the State of Tennessee. The company was dissolved and terminated on July 26, 2013. Upon information and belief Jeff Livingston was the sole member of Livingston Construction. Livingston Construction's principal place of business was located at 4462 Harpeth School Road, Franklin, Tennessee 37064.

3. Defendant, Jeff Livingston ("Livingston") is a citizen of the State of Tennessee and can be served with process at 4462 Harpeth School Road, Franklin, Tennessee 37064.

## Jurisdiction

4. Jurisdiction in this cause is founded upon 28 U.S.C. § 1332 in that this action involves citizens of different states and the matter in controversy exceeds $75,000.

## Venue

5. The venue in this action lies in this district pursuant to 28 U.S.C. §1391(b) and (c) in that the events giving rise to this claim occurred in this district and the Defendants may be found or is deemed to reside in this district

## Facts

6. Livingston Construction applied for and was issued a Contractors Businessowners Policy ("Policy") by Columbia, Policy No. CTPTN57594, with an effective date of April 15, 2012. A true copy of the policy declarations are attached hereto as Exhibit A. Livingston, as the sole member of Livingston Construction, is an additional insured under the Policy.

7. On September 5, 2013, Kevin P. Lynch and Lee Ann Lynch filed a complaint in the Circuit Court for Davidson County, Tennessee (Exhibit B), against Urban Development, Livingston, Pinpoint Properties, LLC ("Pinpoint") and William Wood ("Wood"). On March 27, 2014 Kevin P. Lynch and Lee Ann Lynch filed their First Amended Complaint (Exhibit C) against Urban Development, Livingston, Pinpoint Properties, Wood, and Livingston Construction.

8. The Lynches allege in the First Amended Complaint that they entered a purchase agreement with Pinpoint for the purchase of an existing home to be remodeled with a new addition located at 1804 Boscobel Street, Nashville, Tennessee. (First Amended Complaint at ¶ 9). The Lynches further alleged that the Defendants and/or subcontractors working on their

2

behalf were to provide all supervision, labor, materials, tools, machinery, equipment and other items necessary for the completion of the home. (First Amended Complaint at ¶ 14).

The Lynches allege that the Defendants breached the Purchase Agreement entered with Pinpoint by failing to construct and/or convey the home in accordance with approved building plans and drawings and/or applicable building codes and accepted construction practices. (First Amended Complaint at ¶ 31).

9. The Lynches allege that they have suffered property damages due the negligence and negligence per se of the Defendants. The Lynches allege that the Defendants failed to construct the Home in a workmanlike manner and as a result the Home contained numerous defects and deficiencies. (First Amended Complaint at ¶ 35). The Lynches further allege that the Defendants were negligent per se for failing to comply with applicable building codes. (First Amended Complaint at ¶ 37).

10. The Lynches allege that Defendants negligently misrepresented that the Home would be "constructed in good and sound condition, in accordance with applicable codes, the Purchase Agreement and accepted construction practices." (First Amended Complaint at ¶ 43).

11. The Lynches allege that the Defendants intentionally misrepresented that the Home "was being constructed in good and sound condition, in accordance with applicable codes, the construction agreement and accepted construction practices." (First Amended Complaint at ¶ 56). The Lynches also allege that the Defendants intentionally misrepresented that they would be provided with a 1-year builder's warranty for the Home. They allege they were provided with an ineffective invalid and worthless warranty document. (First Amended Complaint at ¶ 57).

12. The Lynches allege that the Defendants concealed material defects in the construction of the Home and misrepresented that the Lynches would be provided with a builders warranty. The Lynches allege that the actions of the Defendants constitute unfair or deceptive acts in violation of the Tennessee Consumer Protection Act. (First Amended Complaint at ¶¶ 74 - 76).

13. On May 12, 2014 Pinpoint and Wood filed an Answer and Cross-Claim in response to the First Amended Complaint. (Exhibit D). In the Cross-Claim Pinpoint and Wood seek damages against the Defendants.

14. Pinpoint and Wood seek indemnity from the Defendants to the extent that the Lynches obtain any judgment against them for claims associated with the performance of the work at 1804 Boscobel Street, Nashville, Tennessee or the alleged licensure issues. (Answer and Cross-Claim at ¶ 11).

15. Pinpoint and Wood alternatively seek contribution against the Defendants asking the court to require the Defendants to bear their equitable share of damages. (Answer and Cross-Claim at ¶ 12).

16. Pinpoint and Wood also sue the Defendants for breach of contract, negligence and breach of warranty to the extent the Lynches obtain any judgment against them for claims associated with the performance of the work at 1804 Boscobel Street, Nashville, Tennessee or the alleged licensure issues. (Answer and Cross-Claim at ¶ 13).

17. Defendants have sought coverage—defense and liability—under the Policy, which identifies Livingston Construction as the named insured.

18. The Policy is a Contractors Businessowners Policy. Pursuant to Section I I – Liability A(1)(b)(1)(a) the Policy states that the insurance applies to property damage only if the

"'property damage' is caused by an "occurrence" that takes place in the 'covered territory'." Policy at Page 31. Coverage for property damage can only be triggered if there is an "occurrence" as defined by the Policy within the applicable coverage period. Section F(13) of the Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Policy at Page 45).

19. Further, the Policy contains exclusions to liability coverage. Pursuant to section B(1)(a) the Policy does not apply to "'property damage' expected or intended from the standpoint of the insured." (Policy at Page 33).

20. Pursuant to section B(1)(b) the Policy also does not apply to "'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." (Policy at Page 33).

21. Pursuant to section B(1)(l) the Policy does not apply to "'[p]roperty damage' to "your product" arising out of it or any part of it." (Policy at Page 37).

22. Pursuant to an endorsement to the Policy section B(1)(m) excludes coverage for "'[p]roperty damage' to "your work" arising out of it or any part of it and included the in the 'products-completed operations hazard'." Section F(22)(a) of the Policy defines "your work" as "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations", and includes "(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work', and (2) The providing of or failure to provide warnings or instructions."

23. For the Defendants, there is no coverage because the damages alleged by the Lynches, Pinpoint and Wood were not caused by an occurrence as defined by the Policy.

5

24. For the Defendants, coverage is excluded by section B(1)(a) for damages that were expected or intended from the standpoint of the Defendants.

25. For the Defendants, coverage is excluded by section B(1)(l) for property damage to their work product.

26. For the Defendants, coverage is excluded by B(1)(m) for property damage arising out of the Defendants work.

### Request for Declaratory Judgment

27. Columbia adopts and incorporates by reference paragraphs 1 through 26, as well as Exhibits A through D to this Complaint.

28. Columbia requests a declaratory judgment that pursuant to Policy section A(1)(b)(1)(a) the damages sought by the Lynches, Pinpoint and Wood in the underlying lawsuit and cross-claim were not caused by an "occurrence" as defined in the Policy, and that as such, there is no coverage under the Policy available to the Defendants and that Columbia has no duty to defend or indemnify the Defendants.

29. Columbia requests a declaratory judgment that Policy section B(1)(a) excludes coverage for the Lynches', Pinpoint's and Wood's claims for damages against the Defendants in the underlying lawsuit and cross-claim because they seek recovery for damages that were expected or intended by the Defendants and that Columbia has no duty to defend or indemnify the Defendants.

30. Columbia requests a declaratory judgment that Policy section B(1)(l) excludes coverage for the Lynches', Pinpoint's and Wood's claims for damages against the Defendants because they fall within the "your produ ct" coverage exclusion under the Policy, and that Columbia has no duty to defend or indemnify the Defendants.

31. Columbia requests a declaratory judgment that Policy section B(1)(m) excludes coverage for the Lynches', Pinpoint's and Wood's claims for damages against the Defendants because they fall within the "your work" coverage exclusion under the Policy, and that Columbia has no duty to defend or indemnify the Defendants.

32. Columbia would show that there is a real and immediate controversy between it and the Defendants. The immediate controversy relates to Columbia's obligations under the Policy issued to the Defendants for insurance coverage for the underlying suit. Defendants made a claim under the Policy seeking defense and indemnity from Columbia respecting the Complaint, Amended Complaint and Cross-Claim filed in the underlying action. This Court has the authority to resolve this controversy under the Declaratory Judgment Act, 28 USC §2201, et seq.

**WHEREFORE,** Columbia seeks judgment against Defendants and prays that the Court find as follows:

a) That a real and immediate controversy exists between the parties.

b) That coverage does not exist under the Contractors Businessowners Policy No. CTPTN57594 for the claims and damages sought against the Defendants in the First Amended Complaint and Cross-Claim filed in the matter styled *Kevin P. Lynch and Lee Ann Lynch v. Urban Development Group, LLC, Jeffrey Livingston, individually, Pinpoint Properties, LLC, William Wood, individually, and J.R. Livingston Construction, LLC*, Davidson County Circuit Court, No. 13C3602.

c) That Columbia has no obligation to defend or indemnify the Defendants for the claims and damages set forth in the First Amended Complaint and Cross-Claim filed in the matter styled *Kevin P. Lynch and Lee Ann Lynch v. Urban Development Group, LLC,*

7

Case 3:14-cv-01781   Document 1   Filed 08/29/14   Page 7 of 8 PageID #: 7

*Jeffrey Livingston, individually, Pinpoint Properties, LLC, William Wood, individually, and J.R. Livingston Construction, LLC*, Davidson County Circuit Court, No. 13C3602.

d) That Columbia is entitled to all costs associated with filing this action and all other relief that the Court deems just and equitable.

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

By: /s/ Joseph M. Huffaker
Joseph M. Huffaker, BPR # 14122
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: (615) 259-1366
Fax: (615) 259-1389
Email: jhuffaker@lewisking.com

Attorneys for Columbia National Insurance Company