IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COLUMBIA NATIONAL INSURANCE )
COMPANY, )
 )
    Plaintiff, ) No. 3:14-cv-01781
 ) Senior Judge Haynes
v. )
 )
JR LIVINGSTON CONSTRUCTION, LLC, )
et al., )
 )
    Defendants. )

## MEMORANDUM

Plaintiff, Columbia National Insurance Company ("Columbia National"), filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., against the Defendants JR Livingston Construction, LLC, ("Livingston Construction") and Jeff Livingston seeking a declaratory judgment that Plaintiff does not owe a duty under the parties' insurance contract to defend or to indemnify the Defendants for any liability arising out of a homeowner's state court action against the Defendants. The parties have agreed that discovery is not necessary. (Docket Entry No. 16).

Before the Court are Plaintiff's motion for judgment on the record (Docket Entry No. 18) and the Defendants' cross-motion for judgment on the record (Docket Entry No. 24). For its motion, Columbia National argues that homeowners' allegations against the Livingston Defendants are not covered by the parties' Contractors Business Owners Policy ("the Policy") because the homeowners' action does not seek damages for "bodily injury" or "property damage" arising from an "occurrence" under the Policy. Columbia National further argues that one or more exclusions under the Policy apply to bar coverage, including, but not limited to, the "your work" and "expected or intended" damages exclusions.

In response, the Livingston Defendants argue that the homeowners' state court complaint, when broadly construed, sets forth facts and/or gives rise to reasonable factual inferences for at least one potential claim of property damage caused by a qualifying occurrence. Accordingly, the Livingston Defendants argue that Columbia National, at a minimum, has a duty to defend under the Policy and to indemnify the Defendants under the Policy.

## A. Analysis of the Complaint

Kevin and Lee Ann Lynch ("the Lynches") entered into an agreement with Pinpoint Properties, LLC, ("Pinpoint") to purchase a home in Nashville, Tennessee, that was in a state of disrepair. Prior to the Lynches' possession of the home, Livingston Construction and Livingston performed extensive construction and remodeling of the home.

At the end of 2012, the Lynches moved into their house. Later in 2013, the Lynches discovered numerous problems, deficiencies, and defects in the home and filed a state court action against the Livingston Defendants, Pinpoint, William Wood ("Wood"), and Urban Development Group, LLC, ("Urban Development"), a construction company associated with the Livingston Defendants and allegedly involved in the construction of the Lynches' house.[1] (Docket Entry No. 1-3, First Amended Complaint). Among the home's deficiencies cited in the Lynches' state court action are:

> 1) the foundation and floor system of the home was inappropriately constructed and/or omitted, resulting in numerous issues with the structural integrity and support of the home, causing floors in the home to be severely uneven and not level, and causing a gap to develop between the front porch and trim of the home;

---

[1] The Lynches subsequently amended their state court complaint to add three additional defendants: Huskey Truss & Building Supply, Inc., which supplied material for the construction; Javier Garrido, the house framer; and Peggy Newman Designs, LLC, which provided the building plans. (See Docket Entry No. 17-1, Second Amended Complaint).

2

2) the ceiling and rafters were improperly constructed causing the cathedral ceiling in the home to significantly crack and separate from the wall;

3) the exterior grading and the slope of an exterior deck are improper, causing poor drainage and the intrusion and pooling of water under and around the home;

4) portions of the home are improperly insulated;

5) portions of the roof are improperly ventilated in the attic area, causing severe condensation and water staining on the ceiling;

6) many surfaces in the home were poorly finished or improperly installed; and

7) the home was not constructed in accordance with the approved drawings and specifications, applicable building codes, and accepted construction practices.

(Docket Entry No. 17-1, State Court Complaint at ¶¶ 27, 29). The Lynches sought damages for breach of contract, negligence and negligence per se, negligent misrepresentation, intentional misrepresentation, breach of implied warranty, and violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 et seq. In the state proceedings, Pinpoint and Wood filed cross-claims against the Livingston Defendants and Urban Development for indemnity and contribution.

Prior to the repair of the Lynches' residence, Livingston Construction obtained the Policy from Plaintiff Columbia National. Upon notification of the Lynches' state court action, the Livingston Defendants sought coverage under the Policy and Columbia National undertook to represent the Livingston Defendants in the Lyches' action, but with a reservation of rights. As to the pertinent provisions fo the Policy, Section II A(1)(a) of the Policy provides that:

> [Columbia National] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damages" or "personal and advertising injury" to which this insurance applies. [Columbia National has] the right and duty to defend the insured against any "suit" seeking those damages. However, [Columbia National has] no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damages" or "personal and advertising injury" to which this insurance does not apply.

(Docket Entry No. 1-1 at 51). Under section II A(1)(b)(1) and (2) of the Policy, coverage of bodily injury and property damage applies only if the bodily injury or property damage is caused by an "occurrence" in the coverage territory and during the policy period. Id. Section II F(13) of the Policy defines an "occurrence" as "an accident, including conditions or repeated exposure to substantially the same general harmful conditions." Id. at 65.

The Policy excludes from coverage, among other things, claims: (1) for bodily injury or property damage "expected or intended from the standpoint of the insured," Section II B(1)(a); (2) for bodily injury or property damage "for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement," Section II B(1)(b); and (3) for bodily injury or property damage to "'your product' arising out of it or any part of it," Section II B(1)(l). Id. at 53, 57. Section II B(1)(m) of the Policy also excludes from coverage:

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

Id. at 57. "Your work" is defined in Section II F(22) as "[w]ork or operations performed by you or on your behalf" and "[m]aterials, parts or equipment furnished in connection with such work or operations," and includes "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'" and "[t]he providing of or failure to provide warnings or instructions." Id. at 66-67.

### B. Conclusions of Law

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). Tucker

4

v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008). Under this standard, the Court must consider "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The well-pleaded factual allegations must be sufficient to show a plausible right to relief and "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Under Tennessee law, insurance contracts are generally governed by the same rules of construction for other contracts. Travelers Indem. Co. of Am. v. Moore & Assocs., Inc., 216 S.W.3d 302, 305 (Tenn. 2007). An insurance contract "must be interpreted fairly and reasonably, giving the language its usual and ordinary meaning." Id. at 306 (quoting Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 768 (Tenn. 2006)). An insurance contract should be construed as a whole in a reasonable and logical manner. Id. (quoting Standard Fire Ins. Co. v. Chester-O'Donley & Assocs., Inc., 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998)). Yet, "any doubt as to whether the claimant has stated a cause of action within the coverage of the policy is resolved in favor of the insured." Id. at 305 (citation omitted). For commercial general liability insurance contracts, to avoid confusion and error, the Policy should be construed before addressing any exclusion issues. Id. at 306.

In Travelers Indemnity, the Tennessee Supreme Court summarized Tennessee's law on an insurer's duty to defend:

> [W]hether a duty to defend arises depends solely on the allegations contained in the underlying complaint. Accordingly, the insurer has a duty to defend when the underlying complaint alleges damages that are within the risk covered by the insurance contract and for which there is a potential basis for recovery. The duty to defend arises if even one of the allegations is covered by the policy. The duty to defend is broader than the duty to indemnify because the duty to defend is based on the facts alleged, while the duty to indemnify is based upon the facts found by the

5

trier of fact. Any doubt as to whether the claimant has stated a cause of action within the coverage of the policy is resolved in favor of the insured.

Id. at 305 (internal citations omitted).

As to Columbia National's contention that the Lynches' action does not seek damages for "property damage" resulting from an "occurrence," Travelers Indemnity defined an "occurrence" as an event that "would [not] have been foreseeable if the insured had completed the work properly." Id. at 309. Travelers Indemnity clarified that a claim seeking the cost of replacement of a defective component or correction of faulty installation does not qualify as "property damage." Yet, Travelers Indemnity explained that if the defective component or faulty installation results in physical injury to some other tangible property, then "property damage" has occurred. Id. at 309-10; see also Forrest Const., Inc. v. Cincinnati Ins. Co., 703 F.3d 359, 365 (6th Cir. 2013) ("Travelers . . . clarified that 'property damage' occurs when one component (here, the faulty foundation) of a finished product (the house) damages another component.")).

Although some of the Lynches' allegations alleged faulty workmanship or materials in the construction repair of their home, the Lynches' second amended complaint also alleges that:

> 1) improper construction of the foundation and floor system damaged the actual floors by causing them to be severely uneven and not level; 2) improper construction of the ceiling system caused the cathedral ceiling in the house to significantly crack and to separate from the wall; 3) improper grading caused water intrusion into the crawl space; 4) improper ventilation caused severe condensation and water staining on the outside roof; and 5) improper settling of the house and porch caused a gap between the front porch and trim that continues to expand.

(Docket Entry No. 17-1 at ¶ 27). These allegations involve physical injury to tangible property beyond merely a recitation of alleged faulty workmanship or materials.

Applying Travelers Indemnity, the Court concludes that the above allegations present claims

6

for property damage because of an occurrence under the Policy. In addition, the Lynches' request for damages is not limited to replacement costs of a defective component or correction of faulty installation.

Columbia National next argues that the Lynches' allegations fall squarely within the "your work" exclusion of the Policy. Columbia National concedes that the "your work" exclusion does not apply "if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." (Docket Entry No. 19 at 8). Yet, Columbia National contends that the second amended complaint's allegations are insufficient for lack of specificity about the role of subcontractors in the construction of the house or what damages subcontractors caused. Id. The Court disagrees.

The allegations in the Lynches' second amended complaint are that the Livingston Defendants and/or subcontractors working on their behalf did not adequately construct the home and failed to construct the home in accordance with the drawings and specifications, applicable building codes, and accepted construction practices. (Docket Entry No. 17-1 at ¶¶ 17, 28-29). The Court concludes that these allegations, coupled with the specific allegations of defects and property damage, are sufficient to allege work by a subcontractor that is outside the "your work" exclusion. See Forrest Const., Inc. v. Cincinnati Ins. Co., 728 F. Supp. 2d 955, 965 (M.D. Tenn. 2010). Moreover, the second amended complaint includes specific allegations that a subcontractor, as well as to other individuals or entities, were "engaged" by the Livingston Defendants for the construction of the house. Id. at ¶¶ 18-20. Because the Lynches' second amended complaint contains at least one allegation that is within the risk covered by the insurance contract and for which there is a potential basis for recovery, the Court concludes that Columbia National has a duty to defend the Livingston

7

Defendants under the Policy.

Although the determination of the duty to defend is a determination based upon the allegations in the state court complaint, Clark v. Sputniks, LLC, 368 S.W.3d 431, 439 (Tenn. 2012), "the duty to indemnify, i.e., ultimate liability, depends rather upon the true facts." St. Paul Fire and Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994). Here, whether the Policy requires indemnification by Columbia National for any damages assessed against the Livingston Defendants must be based upon factual issues to be decided in the Lynches' state court action.

A declaratory judgment on indemnification issues is inappropriate because the Court lacks the facts on the merits of the underlying claim. Founders Ins. Co. v. Bentley Entm't, LLC, No. 3:12-cv-01315, 2013 WL 3776311 at *11 (M.D. Tenn. July 17, 2013). Thus, the Court concludes that a declaratory judgment on the issue of indemnification is premature, and this action should be administratively closed on Columbia National's claim on duty to indemnify. At the conclusion of the Lynches' state court proceedings, any party may move to reopen this action.

For these reasons, the Court concludes that Columbia National's motion for judgment on the record (Docket Entry No. 18) should be denied and the Livingston Defendants' cross-motion for judgment on the record (Docket Entry No. 24) should be granted in part, to declare that Columbia National has a duty to defend the Defendants under the Policy.

This action will be administratively closed, but may be re-opened upon motion of either party.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of March, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge